IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAMOUS B. RHOADES, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) Civil Action No. 05-630 JJF ) |
| CORRECTIONAL OFFICER CARLTON ADAMS, CORPORAL W. CAMPBELL, JOSEPH BELANGER - SHIFT COMMANDER, AND LIEUTENANT LARRY SAVAGE - DISCIPLINARY HEARING OFFICER, | ) ) ) ) ) ) |
|     Defendants. | ) |

**ORDER**

1.  The plaintiff Famous B. Rhoades, SBI #379298, a <u>pro se</u> litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. The plaintiff filed his request to proceed <u>in forma pauperis</u> without the required certified copy of his prison trust fund account statement pursuant to 28 U.S.C. § 1915(a)(2).

2.  On September 8, 2005, this Court granted the plaintiff leave to proceed <u>in forma pauperis</u> and ordered the plaintiff to provide a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the above-referenced complaint. The plaintiff submitted the required documents on September 19, 2005.

3.  In evaluating the plaintiff's account information

pursuant to 28 U.S.C. § 1915(b)(1), the Court has determined that the plaintiff has an average account balance of $5.11 for the six months preceding the filing of the complaint. The plaintiff's average monthly deposit is $16.67 for the six months preceding the filing of the complaint. Accordingly, the plaintiff is required to pay an initial partial filing fee of $3.33, this amount being 20 percent (20%) of $16.67, the greater of his average monthly deposit and average daily balance in the trust fund account for the six months preceding the filing of the complaint. **Therefore, the plaintiff shall, within thirty days from the date this order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward the $3.33 initial partial filing fee and subsequent payments to the Clerk of the Court. FAILURE OF THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

    4.    Upon receipt of this order and the authorization

form, the Warden or other appropriate official at Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $3.33 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court. Thereafter, absent further order of the Court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's trust account and forward that amount to the Clerk of the Court.

    5. Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Court shall deny the plaintiff leave to proceed *in forma pauperis* in all future suits filed without prepayment of the filing fee, unless the Court determines that the plaintiff is under imminent danger of serious physical injury.

DATED: October 21, 2005

                                      United States District Judge