IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAMOUS B. RHOADES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 05-630-KAJ ) |
| CARLTON ADAMS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Famous B. Rhoades ("Rhoades") brings this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se* and on September 8, 2005, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4). The Court now proceeds to review and screen the Complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

The allegations in the complaint stem from a disciplinary charge filed against Rhoades on January 20, 2004. Rhoades alleges that Defendant Carlton Adams ("Adams") filed false disciplinary charges against him, and then held an illegal preliminary hearing. Rhoades next alleges that Defendant Cpl. W. Campbell ("Campbell"), the supervisor of Adams, allowed Adams to file the false disciplinary charge. Going one step up in the chain of command, Rhoades alleges that Defendant Joseph Belanger ("Belanger"), the Shift Commander, failed to correct or discipline his subordinates for filing the false disciplinary charges. Finally, Rhoades alleges that Defendant Lt. Larry Savage ("Savage"), the Disciplinary Hearing Officer, denied him the

right to confront Adams, denied him the right to call witnesses at the disciplinary hearing, and failed to allow him to sign the appeal or to appeal the disciplinary decision entered on February 13, 2004. Rhoades alleges that all Defendants are covering up for one another's actions. He alleges that as a result of the Defendants' actions he was forced to serve 15 days in segregation, was moved to SHU and later to MHU, which are segregated housing units at the prison.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Due Process Claims

##### 1. Disciplinary Charge/Segregation

With respect to Rhoades' claim that his due process rights were violated, the filing of a false disciplinary charge and related disciplinary sanction do not, without more, violate due process. See *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, Rhoades' due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." *Id.* Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Sandin*, 515 U.S. at 480 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

Segregation for a period of 15 days and reclassification to a higher security level "falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. Here, Rhoades' 15 days in segregation, even if due to alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.

I am mindful that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, that factor should be considered in determining whether the prisoner has been subjected to "atypical and significant

3

hardship" triggering due process protection. *Griffin v. Vaughn*, 112 F.3d 703, 708-09 (3d Cir. 1997). In the present case, however, the Complaint fails to allege atypical or significant hardship with respect to Rhoades' stay in segregation. More so, it has been repeatedly determined that the Department of Correction statutes and regulations do not provide prisoners with liberty or property interests protected by the Due Process Clause. *See Carrigan v. State of Delaware*, 957 F.Supp. 1376 (D.Del. 1997); *Abdul-Akbar v. Dept. of Correction,* 910 F.Supp. 986 (D.Del. 1995); *Jackson v. Brewington-Carr*, No. 97-270, 1999 WL 27124, at *2 (D.Del. Jan. 15, 1999). Rhoades claims have no basis in law or fact. Therefore, I am dismissing his Fourteenth Amendment due process claims against Defendants Adams, Campbell and Belanger as frivolous pursuant to 8 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### 2.     **Procedural Due Process**

Rhoades also claims that he was not afforded his basic due process rights with respect to the disciplinary charges lodged against him. He does not allege that he was denied a disciplinary hearing. Rather, he alleges that Savage did not allow him the right to confront Adams or to call witnesses during the disciplinary proceedings. Rhoades further alleges that Savage did not allow him to sign the appeal form, or appeal the disciplinary decision[1].

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities

---

[1] Plaintiff provided to the Court a copy of the Disciplinary Hearing Decision. The form is marked with an "x" that Plaintiff did not intend to appeal. The form also indicates that Plaintiff could not sign the form because he was "cuffed in rear". (D.I. 2).

of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. However, inmates do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. *Id*. at 567-68. *See also Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976); *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir.1991).

Also, a right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated in *Wolff*. *Garfield v. Davis*, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983); *Greer v. DeRobertis*, 568 F.Supp. 1370 (N.D.Ill. 1983). *Wolff* and its progeny, which have clearly enumerated the requirements for disciplinary proceedings, have never included the right to appeal or file a grievance after a proceeding. *See Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

Rhoades' procedural due process allegations are not cognizable as § 1983 claims under the holding of *Wolff*. Accordingly, I am dismissing the claims against Savage for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### B.    Conspiracy

Rhoades appears to attempt to raise a conspiracy claim when he alleges that the Defendants are covering up for one another. In the Third Circuit, a conspiracy claim must be stated with specificity, and may not be based merely upon suspicion and speculation: "it is a longstanding rule in the Third Circuit that a mere general allegation... [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (citing *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 595 F.Supp. 1385, 1400 (D.Del. 1984), aff'd, 769 F.2d 152 (3d Cir. 1985)). Rhoades merely expresses his suspicion that there is a "cover up". Without more specific allegations, his conspiracy claim is legally deficient and must be dismissed.

### IV.   CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 13th day of January, 2006, that the Complaint is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(2).

UNITED STATES DISTRICT JUDGE