IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAMOUS B. RHOADES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 05-630-KAJ |
| CARLTON ADAMS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Famous B. Rhoades ("Rhoades") brings this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se* and on September 8, 2005, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4). The Court now proceeds to review and screen the Complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.   **THE COMPLAINT**

The allegations in the complaint stem from a disciplinary charge filed against Rhoades on January 20, 2004. Rhoades alleges that Defendant Carlton Adams ("Adams") filed false disciplinary charges against him, and then held an illegal preliminary hearing. Rhoades next alleges that Defendant Cpl. W. Campbell ("Campbell"), the supervisor of Adams, allowed Adams to file the false disciplinary charge. Going one step up in the chain of command, Rhoades alleges that Defendant Joseph Belanger ("Belanger"), the Shift Commander, failed to correct or discipline his subordinates for filing the false disciplinary charges. Finally, Rhoades alleges that Defendant Lt. Larry Savage ("Savage"), the Disciplinary Hearing Officer, denied him the

right to confront Adams, denied him the right to call witnesses at the disciplinary hearing, and failed to allow him to sign the appeal or to appeal the disciplinary decision entered on February 13, 2004. Rhoades alleges that all Defendants are covering up for one another's actions. He alleges that as a result of the Defendants' actions he was forced to serve 15 days in segregation, was moved to SHU and later to MHU, which are segregated housing units at the prison.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

III.  ANALYSIS

    A.  Due Process Claims

        1.  Disciplinary Charge/Segregation

With respect to Rhoades' claim that his due process rights were violated, the filing of a false disciplinary charge and related disciplinary sanction do not, without more, violate due process. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, Rhoades' due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Sandin, 515 U.S. at 480 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

Segregation for a period of 15 days and reclassification to a higher security level "falls within the expected parameters of the sentence imposed by a court of law." Id. at 485. Here, Rhoades' 15 days in segregation, even if due to alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.

I am mindful that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, that factor should be considered in determining whether the prisoner has been subjected to "atypical and significant

3

hardship" triggering due process protection. *Griffin v. Vaughn*, 112 F.3d 703, 708-09 (3d Cir. 1997). In the present case, however, the Complaint fails to allege atypical or significant hardship with respect to Rhoades' stay in segregation. More so, it has been repeatedly determined that the Department of Correction statutes and regulations do not provide prisoners with liberty or property interests protected by the Due Process Clause. *See Carrigan v. State of Delaware*, 957 F.Supp. 1376 (D.Del. 1997); *Abdul-Akbar v. Dept. of Correction*, 910 F.Supp. 986 (D.Del. 1995); *Jackson v. Brewington-Carr*, No. 97-270, 1999 WL 27124, at *2 (D.Del. Jan. 15, 1999). Rhoades claims have no basis in law or fact. Therefore, I am dismissing his Fourteenth Amendment due process claims against Defendants Adams, Campbell and Belanger as frivolous pursuant to 8 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    2.  **Procedural Due Process**

Rhoades also claims that he was not afforded his basic due process rights with respect to the disciplinary charges lodged against him. He does not allege that he was denied a disciplinary hearing. Rather, he alleges that Savage did not allow him the right to confront Adams or to call witnesses during the disciplinary proceedings. Rhoades further alleges that Savage did not allow him to sign the appeal form, or appeal the disciplinary decision[1].

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities

---

[1] Plaintiff provided to the Court a copy of the Disciplinary Hearing Decision. The form is marked with an "x" that Plaintiff did not intend to appeal. The form also indicates that Plaintiff could not sign the form because he was "cuffed in rear". (D.I. 2).

4

of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. However, inmates do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. *Id.* at 567-68. *See also Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976); *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir.1991).

Also, a right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated in *Wolff*. *Garfield v. Davis*, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983); *Greer v. DeRobertis*, 568 F.Supp. 1370 (N.D.Ill. 1983). *Wolff* and its progeny, which have clearly enumerated the requirements for disciplinary proceedings, have never included the right to appeal or file a grievance after a proceeding. *See Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

Rhoades' procedural due process allegations are not cognizable as § 1983 claims under the holding of *Wolff*. Accordingly, I am dismissing the claims against Savage for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

B.  Conspiracy

Rhoades appears to attempt to raise a conspiracy claim when he alleges that the Defendants are covering up for one another. In the Third Circuit, a conspiracy claim must be stated with specificity, and may not be based merely upon suspicion and speculation: "it is a longstanding rule in the Third Circuit that a mere general allegation... [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (citing *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 595 F.Supp. 1385, 1400 (D.Del. 1984), *aff'd*, 769 F.2d 152 (3d Cir. 1985)). Rhoades merely expresses his suspicion that there is a "cover up". Without more specific allegations, his conspiracy claim is legally deficient and must be dismissed.

IV.  CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 13th day of January, 2006, that the Complaint is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(2).

_____
UNITED STATES DISTRICT JUDGE

# DELAWARE CORRECTIONAL CENTER
# SUPPORT SERVICES OFFICE
# MEMORANDUM

TO: _Famous Rhoades_ SBI#: _379298_

FROM: Stacy Shane, Support Services Secretary

RE: **6 Months Account Statement**

DATE: _January 27, 2006_

---

Attached are copies of your inmate account statement for the months of _July 1, 2005_ to _December 31, 2005_

The following indicates the average daily balances.

| MONTH | AVERAGE DAILY BALANCE |
|---|---|
| July | 30.66 |
| Aug | 10.98 |
| Sept | .01 |
| Oct | ✗ |
| Nov | ✗ |
| Dec | 5.48 |

Average daily balances/6 months: _7.94_

Attachments
CC: File

_Stacy Shane_
1/27/06

_[signature]_
1/30/06
Notary public

# Individual Statement
## For Month of July 2005

Date Printed: 1/26/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.00 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |
| Current Location: | 22 | | Comments: | QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Mail | 7/18/2005 | $100.00 | $0.00 | $0.00 | $100.00 | 132717 | 1610183 | 9/28/04 | P REED |
| Medical | 7/21/2005 | ($3.96) | $0.00 | $0.00 | $96.04 | 134781 | | 9/1/04 | |
| Medical | 7/21/2005 | ($4.00) | $0.00 | $0.00 | $92.04 | 134782 | | 3/1/05 | |
| Medical | 7/21/2005 | ($10.00) | $0.00 | $0.00 | $82.04 | 134785 | | 4/17/05 | |
| Medical | 7/21/2005 | ($6.00) | $0.00 | $0.00 | $76.04 | 134799 | | | |
| Pay-To | 7/21/2005 | ($0.98) | $0.00 | $0.00 | $75.06 | 134811 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($0.60) | $0.00 | $0.00 | $74.46 | 134823 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($0.37) | $0.00 | $0.00 | $74.09 | 134822 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($0.60) | $0.00 | $0.00 | $73.49 | 134824 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($0.37) | $0.00 | $0.00 | $73.12 | 134853 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($0.37) | $0.00 | $0.00 | $72.75 | 134874 | | DST/POSTAGE | |
| Supplies-MailP | 7/21/2005 | ($3.10) | $0.00 | $0.00 | $69.65 | 134893 | | 4/11/05 | |
| Canteen | 7/27/2005 | ($19.93) | $0.00 | $0.00 | $49.72 | 136711 | | | |
| Medical | 7/28/2005 | $0.00 | ($4.00) | $0.00 | $49.72 | 137309 | | 7/20/05 | |
| Medical | 7/28/2005 | ($4.00) | $0.00 | $0.00 | $45.72 | 137438 | | 7/20/05 | |

Ending Mth Balance: $45.72

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: ($0.97)

# Individual Statement
## For Month of August 2005

Date Printed: 1/26/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $45.72 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |
| Current Location: | 22 | | | Comments: QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Canteen | 8/4/2005 | ($19.35) | $0.00 | $0.00 | $26.37 | 140225 | | | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($0.74) | $26.37 | 140524 | | DST/POSTAGE | |
| Pay-To | 8/5/2005 | ($0.74) | $0.00 | $0.00 | $25.63 | 141440 | | DST/POSTAGE | |
| Canteen | 8/10/2005 | ($19.53) | $0.00 | $0.00 | $6.10 | 142974 | | | |
| Canteen | 8/17/2005 | ($5.28) | $0.00 | $0.00 | $0.82 | 145645 | | | |
| Canteen | 8/24/2005 | ($0.80) | $0.00 | $0.00 | $0.02 | 148389 | | | |

Ending Mth Balance: $0.02

Total Amount Currently on Medical Hold: $0.00
Total Amount Currently on Non-Medical Hold: ($0.97)

# Individual Statement

Date Printed: 1/26/2006

## For Month of September 2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.02 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |
| Current Location: | 22 | | | Comments: QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 9/6/2005 | $0.00 | $0.00 | ($3.95) | $0.02 | 153012 | | DST/POSTAGE | |
| Supplies-MailP | 9/9/2005 | ($0.02) | $0.00 | ($3.93) | $0.00 | 155918 | | DST/POSTAGE | |
| Supplies-MailP | 9/15/2005 | $0.00 | $0.00 | ($0.60) | $0.00 | 158542 | | POSTAGE | |
| Supplies-MailP | 9/15/2005 | $0.00 | $0.00 | ($0.60) | $0.00 | 158543 | | POSTAGE | |
| Supplies-MailP | 9/15/2005 | $0.00 | $0.00 | ($0.60) | $0.00 | 158544 | | POSTAGE | |
| Supplies-MailP | 9/22/2005 | $0.00 | $0.00 | ($1.80) | $0.00 | 161171 | 12/06/04 | POSTAGE | |

Ending Mth Balance: $0.00

Total Amount Currently on Medical Hold: $0.00
Total Amount Currently on Non-Medical Hold: ($0.97)

# Individual Statement

## For Month of October 2005

Date Printed: 1/26/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.00 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |
| Current Location: | 22 | | | Comments: QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 10/5/2005 | $0.00 | $0.00 | ($3.13) | $0.00 | 166854 | | 1/31/05 | |
| Supplies-MailP | 10/5/2005 | $0.00 | $0.00 | ($2.53) | $0.00 | 166930 | | 2/28/05 | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($2.68) | $0.00 | 171808 | | 9/06/05 | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($3.05) | $0.00 | 172020 | | 10/4/05 | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 172232 | | DST/POSTAGE | |
| Supplies-MailP | 10/14/2005 | $0.00 | $0.00 | ($0.60) | $0.00 | 172276 | | DST/POSTAGE | |
| Supplies-MailP | 10/26/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 176019 | | POSTAGE | |
| Supplies-MailP | 10/26/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 176104 | | POSTAGE | |

Ending Mth Balance: $0.00

Total Amount Currently on Medical Hold: $0.00
Total Amount Currently on Non-Medical Hold: ($0.97)

# Individual Statement

## For Month of November 2005

Date Printed: 1/26/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.00 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |

Current Location: 22   Comments: QOL4

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Medical | 11/4/2005 | $0.00 | ($6.00) | $0.00 | $0.00 | 179961 | | 10/27/05 | |
| Supplies-MailP | 11/7/2005 | $0.00 | $0.00 | ($0.37) | $0.00 | 180571 | | POSTAGE | |
| Supplies-MailP | 11/18/2005 | $0.00 | $0.00 | ($2.81) | $0.00 | 186150 | | 11/2/05 | |

Ending Mth Balance: $0.00

Total Amount Currently on Medical Hold: $0.00
Total Amount Currently on Non-Medical Hold: ($0.97)

# Individual Statement

Date Printed: 1/26/2006

## For Month of December 2005

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.00 |
|---|---|---|---|---|---|---|
| 00379298 | Rhodes | Famous | B | | | |
| Current Location: | 22 | | | Comments: QOL4 | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 12/15/2005 | $0.00 | $0.00 | ($2.89) | $0.00 | 196059 | | 12/6/05 | |
| Mail | 12/27/2005 | $50.00 | $0.00 | $0.00 | $50.00 | 194463 | 09216690287 | 11/2/05 | REED |
| Supplies-MailP | 12/29/2005 | ($2.81) | $0.00 | $0.00 | $47.19 | 201543 | | DST/POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($3.93) | $0.00 | $0.00 | $43.26 | 201813 | | 12/06/04 | |
| Supplies-MailP | 12/29/2005 | ($1.80) | $0.00 | $0.00 | $41.46 | 201844 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.60) | $0.00 | $0.00 | $40.86 | 201897 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.60) | $0.00 | $0.00 | $40.26 | 201895 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.60) | $0.00 | $0.00 | $39.66 | 201896 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($2.68) | $0.00 | $0.00 | $36.98 | 201921 | | 9/06/05 | |
| Supplies-MailP | 12/29/2005 | ($0.37) | $0.00 | $0.00 | $36.61 | 201931 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.37) | $0.00 | $0.00 | $36.24 | 201940 | | DST/POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.60) | $0.00 | $0.00 | $35.64 | 201942 | | DST/POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($3.13) | $0.00 | $0.00 | $32.51 | 201998 | | 1/31/05 | |
| Supplies-MailP | 12/29/2005 | ($2.53) | $0.00 | $0.00 | $29.98 | 202019 | | 2/28/05 | |
| Supplies-MailP | 12/29/2005 | ($0.37) | $0.00 | $0.00 | $29.61 | 202033 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.37) | $0.00 | $0.00 | $29.24 | 202045 | | 10/4/05 | |
| Supplies-MailP | 12/29/2005 | ($3.05) | $0.00 | $0.00 | $26.56 | 202045 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($0.37) | $0.00 | $0.00 | $26.19 | 202099 | | POSTAGE | |
| Supplies-MailP | 12/29/2005 | ($2.89) | $0.00 | $0.00 | $23.30 | 202145 | | 12/6/05 | |

Ending Mth Balance: $23.30

Total Amount Currently on Medical Hold: $0.00
Total Amount Currently on Non-Medical Hold: ($0.97)

| DR# | | |
|---|---|---|
| 1006688 | | |

Bull

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/02/2004

## DISCIPLINARY HEARING DECISION

Exhibit a

Inmate : Rhodes, Famous B                    SBI#: 00379298    Type: Class 1

Institution: DCC Delaware Correctional Center              Hearing Date: 02/13/2004    Time: 10:04

Inmate Present: Yes    Reason(If No): N/A

Violation: 1.02/200.201 Assault, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

Inmate PLEA: Not Guilty

Inmate Statement: I didnt do anything to him.

Decision : Guilty

Rational : Per report inmate slammed door on officers hand. Found guilty of all charges.

Sanctions: N/A

HEARING OFFICER'S SIGNATURE    Lt Larry n Savage

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [ ] DO    [X] DO NOT INTEND TO APPEAL

INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[X] Inmate does not wish to appeal         [ ] Appeal has been denied by Commissioner or Designate

[ ] Sanctions have been modified           [ ] Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | | 15 | |

already served.

| Disciplinary # | | DCC - Delaware Correctional Center | | Date: 01/20/2004 |
|---|---|---|---|---|
| 1006688 | | Smyrna Landing Road SMYRNA DE, 19977 Phone No. 302-653-9261 | | |

## DISCIPLINARY REPORT    Exhibit 1

| Disciplinary Type: Class1 | Housing Unit: Bldg C | | IR#: 1008369 | | |
|---|---|---|---|---|---|
| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
| 00379298 | Rhodes, Famous B | DCC | Bldg.W-1 G Tier | 01/20/2004 | 10:35 |

Violations: 1.02/200.201 Assault, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

Witnesses: 1. N/A    2. N/A    3. N/A

### Description of Alleged Violation(s)

On The Above Date And Approx. Time I (C/O Adams Iii) Was Conducting A Tier Check On G-Tier When I Found I/M Rhodes In The Rec Room. I (C/O C. Adams Iii) Order I/M Rhodes To Go To His Room To Get Me His Id And That He Was Being Written Up For Off Limits. Then I (C/O C. Adams Iii) Followed I/M Rhodes Down To His Cell To Get His Id. Then At This Time I (C/O C. Adams Iii) Was In The Door Way With My Hand On The Door Of I/M Rhodes'S Cell And He Said, "You Need To Knock Before You Enter My Cell" And Slammed The Door In My Face Cacthing My Hand In The Door. I (C/O C. Adams Iii) Then Called (Cpl. W. Campbell) For Back Up. At That Time We Escorted I/M Rhodes Off The Tier And Seen By Area Lt.

Reporting Officer: Adams, Carlton (Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Adams, Carlton -Correctional Officer

I/M Escorted Off The Teir, Notified Of Write Up, Reports Written

### Offender Disposition Details

Disposition: N/A    Date: N/A    Time: N/A    Cell secured? No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: ☑    Disapproved: ☐    Approved By: Belanger, Joseph (Shift Commander - Large Inst.)

Comments: I/M Has Been Transferred To C/Isolation As A Result Of This Incident!

### Shift Supervisor Details

Date Received: 01/20/2004    Time: 13:20    Received From: __

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

Belanger, Joseph (Shift Commander - Large Inst.)

I have received a copy of this notice on DATE: _____ TIME: _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing Officer: _____    Offender: _____
Adams, Carlton                                 Rhodes, Famous B

Page 1 of 1

Exhibit # 34

DR #: 1006680

Date: 2/13/04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

[x] Class I (Major)   [ ] Class II (Minor)   [ ] Summary (24 Hour LOAP)

Inmate: Rhodes Famous   SBI#: 00 379296
Institution: Delaware Correctional Center   Hearing Date: 2/13/04   Time: 10:00

Inmate Present: [x] Yes   [ ] No

Reason (If No): _____

Violation: 200.201  200.101  200.104
Inmate Plea: Not Guilty
Inmate Statement: I didn't do anything to him.

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Decision: [x] Guilty  [ ] Not Guilty  [ ] Further Investigation
Rational: Per reports inmate slammed door on Officers hand. Found guilty of all charges.

Sanctions: 15 days isolation already served. no further sanct.

Hearing Officer's Signature: _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

[ ] I do intend to appeal.
[x] I do not intend to appeal.

Inmate's Signature: inmate unable to sign, walked in rear

### ORDER TO IMPLEMENT SANCTIONS

[ ] Inmate does not wish to appeal   [ ] Appeal has been denied by Commissioner or Designee
[ ] Sanctions have been modified   [ ] Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on Date: _____ Time: _____

Form 121 - May 30, 2003 - 2 pt. NCR  DACS

NOTICE TO PRISONER: You must submit to this Court a certified copy of your prison trust fund account statement (or institutional equivalent) for each institution in which you have been confined for the six-month period immediately preceding the date of this application. 28 U.S.C. §1915(a)(2). The following certification from an authorized officer of your institution(s) must accompany the account statement(s):

   I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

          _____
          Authorized Officer of Institution

NOTICE TO PRISON OFFICIALS: Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(b)(2) (April 26, 1996). Pursuant to that statute, once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the income credited to the prisoner's account during the preceding month, each time the amount in the account exceeds $10, until the entire filing and/or docketing fee has been paid.

------------------------------------------------------------

(Cut along the dotted line and forward to each institution in which applicant has been confined for the six-month period prior to the date this application is made.)

   I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

          _____
          Authorized Officer of Institution

NOTICE TO PRISON OFFICIALS: Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed in forma pauperis. Once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the