**BPS-306**
**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1495
_____

FAMOUS B. RHOADES
Appellant,

v.

C/O CARLTON ADAMS; CPL. W. CAMPBELL;
SHIFT COMMANDER JOSEPH BELANGER;
LT. LARRY SAVAGE, Disciplinary Hearing Officer

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 05-cv-0630-KAJ)
District Judge:  Honorable Kent A. Jordan

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 17, 2006

Before:  RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed  September 6, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Famous B. Rhoades appeals the order of the United States District Court for the

District of Delaware dismissing his complaint filed against prison officials because it

failed to state a claim and was frivolous. In August 2005, Rhoades filed a lawsuit under

42 U.S.C. § 1983 against C.O. Carlton Adams, Adams' supervisor, Cpl. W. Campbell,

and the shift commander at Delaware Correction Center, Joseph Belanger, alleging that

Adams filed a false disciplinary report against Rhoades and that officials in the chain of

command permitted this action and failed to correct or discipline Adams for the false

report. He also sued Disciplinary Hearing Officer Lt. Larry Savage for denying him the

right to confront his accuser or call witnesses at the hearing, and for not allowing him to

sign the report box requesting appeal of the adverse decision. The district court dismissed

the complaint without prejudice on January 13, 2006. Rhoades timely appealed.

Because Rhoades is proceeding in forma pauperis, we must we must analyze his

appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under

§ 1915(e)(2)(B), we must dismiss an appeal if the underlying action (I) is frivolous or

malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks

monetary damages from a defendant with immunity. An appeal can be frivolous for

either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a claim for relief under § 1983, a complaint must sufficiently allege a

deprivation of a right secured by the constitution. See Nami v. Fauver, 82 F.3d 63, 65 (3d

Cir. 1996). Accepting as true all of the factual allegations in the complaint, as well as all

reasonable inferences that can be drawn from them, see id., we agree with the district

court's conclusion that Rhoades' allegations should be dismissed under § 1915(e)(2)(B).

2

Rhoades alleges that his due process rights were violated when Adams filed a false report alleging that Rhoades slammed Adams' hand in a cell door. He also maintains that Adams' supervisors, Campbell and Belanger, permitted the promulgation of the false disciplinary report.[1] Rhoades asserts that the hearing officer sentenced him to 15 days in segregation and that his security level classification was upgraded because of the adverse result of the disciplinary hearing. However, these actions do not comprise a due process violation because they do not rise to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," as required under the U.S. Supreme Court's analysis in Sandin v. Conner, 515 U.S. 472, 484 (1995). See Smith v. Mesinger, 293 F.3d 641, 653 (3d Cir. 2002) (district court correctly dismissed due process claim where allegation of false disciplinary report resulting in seven months' disciplinary confinement was not sufficient to constitute a due process deprivation under Sandin).

Rhoades also contends that the hearing officer, Savage, violated his rights to procedural due process by interfering with Rhoades' right to call and confront witnesses at the hearing and by not allowing him to sign the box on the disciplinary decision form concerning his desire to appeal. However, this due process claim is problematic for the

---

[1] Rhoades' allegation that the defendants covered up for each other does not appear to be a separate allegation for conspiracy, but is intertwined with his claim that he was denied due process. To the extent that the district court dismissed it as a separate claim, we agree that Rhoades did not convincingly allege the violation of his constitutional rights. See Kalmanovitz v. G. Heileman Brewing Co., Inc., 595 F.Supp. 1385, 1400 (D.Del. 1984), aff'd, 769 F.2d 152 (3d Cir. 1985).

same reasons discussed above, because Rhoades has not suffered an atypical and significant hardship, as required under <u>Sandin</u>.  In any event, the inmate grievance procedures, in themselves, do not confer a liberty interest protected by the due process clause in the inmate grievance procedures.  <u>See</u> <u>McGuire v. Forr</u>, 1996 WL 131130 (E.D. Pa. Mar. 21, 1996), <u>aff'd</u> 101 F.3d 691 (3d Cir. 1996); <u>see</u> <u>also</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996) (state's inmate grievance procedures do not give rise to liberty interest protected by the due process clause).

We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  Rhoades' motions for appointment of counsel and for discovery and production of documents will be denied.